```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT
```

HSBC Business Loans, Inc.         :
Equipment Finance Division        :
                                  :
v.                                :         3:01cv968 (JBA)
                                  :
Storage Trailer Rantals, L.L.C.   :
and Cynthia Trayner               :

## Order [Doc. # 21]

On November 21, 2002, this Court dismissed this action pursuant to D. Conn. L. Civ. R. 16(a) (now D. Conn. L. Civ. R. 41(a)) for failure to prosecute.  Maryann Swabby, assignee of the plaintiff, now moves to vacate the dismissal and be substituted as the plaintiff.  Plaintiff states that counsel is now prepared to diligently prosecute this action.

The Court construes the motion to vacate as a motion under Rule 60(b) for relief from judgment.  Rule 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3)

1

>    not more than one year after the judgment, order, or
>    proceeding was entered or taken.

Fed. R. Civ. P. 60(b).

Plaintiff has not provided any basis for finding mistake or excusable neglect in the prior failure to prosecute, and has not indicated that any other factor for consideration under Rule 60(b) bears on this case. Moreover, as Rule 60(b) requires that motions for relief from judgment for reasons of mistake or excusable neglect be filed within one year after the judgment entered, plaintiff's motion, filed over two years after the close of this case, is untimely.

Accordingly, defendants' Motion to Vacate Dismissal and Substitute Party Plaintiff [Doc. # 21] is DENIED.

IT IS SO ORDERED.

_____Janet Bond Arterton, U.S.D.J.

**Dated at New Haven, Connecticut, this 29th day of June, 2005.**